Adam I. Gafni, Cal. Bar No. 230045
Jamie Fountain, Cal. Bar No. 316567
GAFNI & LEVIN LLP
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com
Email: jamie@gafnilaw.com

Attorneys for Plaintiff, CHARLES ADAM JONES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA,
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES ADAM JONES,<br><br>Plaintiff,<br><br>v.<br><br>AMICIZIA EVENTS, INC. a California Corporation; JENNIFER MCLAUGHLIN, an individual; and DOES 1-10, inclusive<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff CHARLES ADAM JONES ("Plaintiff" or "Mr. Jones"), by and through his attorneys of record, alleges against Defendants AMICIZIA EVENTS, INC. (hereinafter, "AMICIZIA") JENNIFER MCLAUGHLIN; (hereinafter collectively "Defendants") and DOES 1-10, inclusive, as follows:

1
COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

## I. THE PARTIES

1. Mr. Jones is a resident of the State of Kentucky and an acclaimed photographer specializing in travel and nature photographs. Mr. Jones' photographs are copyrighted images.

2. Plaintiff operates the website www.adamjonesphoto.com and regularly sells and/or licenses his copyrighted images across the United States. His images are widely published, with credits including National Geographic Books, Time, and Life Magazine. Additionally, Mr. Jones' works have been used on posters, calendars, magazines, books and advertising campaigns around the world for clients such as Canon, Ford, Eddie Bauer, Miller Beer and Honda.

3. Plaintiff is informed and believes that Defendant AMICIZIA is a California Corporation with its principal place of business in Irvine, California and within this judicial district.

4. Plaintiff is informed and believes that Defendant JENNIFER MCLAUGHLIN, an individual, resides in Irvine, California and within this judicial district. Based on its corporate filings and publicly available documents, Plaintiff is informed and believes that Defendant JENNIFER MCLAUGHLIN during all relevant times was the sole officer, director, and owner of AMICZIA as well as Editor-in-Chief of LA TRAVEL MAGAZINE (also appearing at the below URLs)

5. Based upon publicly available documents, including their own website publications and statements online, Plaintiff is informed and believes that during all relevant times Defendants AMICIZIA, and JENNIFER MCLAUGHLIN owned, managed, supervised, and/or control the commercial website **http://www.latravelmagazine.com** (and all associated sub-Uniform Resource Locators (URLs)), among other locations and through which such Defendants solicited customers, advertised products, and promoted/marketed its business (the

"Websites").

6. Plaintiff is informed and believes that Defendants used the Websites to advertise, market, and promote its business in order to generate and maintain business and profit.

7. Plaintiff does not presently know the true names and capacities of the Defendants named as DOES 1 through 10 and therefore sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendants are referred to collectively as "Defendants."

8. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

## II. JURISDICTION AND VENUE

9. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

10. This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of the United states Copyright Act of 1976, as amended, 17 U.S.C § 101 *et seq.* (the "Copyright Act").

11. ***Subject Matter Jurisdiction.*** This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12. ***Venue.*** Venue is proper in this district under 28 U.S.C § 1391(b) and (c) and 28 U.S.C. § 1400(a).

13. ***Personal Jurisdiction***. Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because, for years and continuing to the date of this Complaint, Defendants have resided and operated commercial businesses headquartered within this judicial district and/or through which Defendants knowingly, systematically, and continuously transact business and enter into contracts on an ongoing basis with and provide services to individuals or companies in California, including within this judicial district; operate websites that are accessible to, accessed by, and targeted towards residents in the State of California and those within this judicial district; the copyright infringement that gave rise to this lawsuit occurred within this judicial district, or otherwise have sufficient contacts with the State of California.

14. Plaintiff is informed and believes that Defendants, and those in control of the Websites, have had at relevant times and/or continue to have, technical and/or administrative operations in California, within this judicial district, such that the complained of conduct was directed or controlled from this judicial district.

## III. FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

16. Plaintiff is an acclaimed commercial and editorial photographer.

17. Plaintiff is informed and believes that the Defendants own, manage, and control the commercial Websites where Defendants publicize their magazine.

18. The photographic work at issue in this case (the "Photograph") is an original work entitled to copyright protection pursuant to the copyright laws of the United States and is duly registered with the United States Copyright Office. Mr. Jones is the sole owner of the copyright to the work, titled "F0360" and also known as "Female African Elephant with baby at sunrise" A copy of his work is attached as **Exhibit A**.

19. Plaintiff submitted to the United State Copyright Office an application to obtain copyright registration for the Photograph on or about August 23, 2011.

20. The United State Copyright Office issued to Plaintiff a Certificate of Registration (Registration Number **VA0001-793-506** with an effective date of August 23, 2011 (the "Copyright"). A copy of said Copyright Registration is attached hereto as **Exhibit B** and lists the photograph title**, "F0360"**

21. As the sole owner of the copyrights in copyrighted Photograph, Mr. Jones holds the exclusive rights to reproduce, publicly distribute, and display the Photograph pursuant to 17 U.S.C. §§ 106 and 501.

22. The Photograph was not a "work for hire."

23. Plaintiff incurred substantial time and expense in creating the Photograph.

24. Within the last three years, Plaintiff discovered that Defendants have unlawfully copied, displayed, and distributed his registered Photograph without a

1  license or consent on its commercial Websites and through an email marketing
2  campaign, and potentially other locations to advertise, market, and promote their
3  products. Prior to such time Plaintiff did not and could not have reasonably
4  discovered the infringement.
5      25.   Plaintiff is informed and believes that Defendants copied the
6  Photograph, without authorization or permission from Plaintiff, including by when
7  they unlawfully copied/reproduced, uploaded/downloaded, or caused to be
8  uploaded/downloaded, publicly displayed, and distributed the Photograph to a
9  global audience on the World Wide Web via the Websites on at least the following
10 URL/links:
11      (1)   http://latravelmagazine.com/walk-on-the-wild-side-kenya/
12      (2)   http://latravelmagazine.com/travel-deals/page/4/
13      (3)   http://latravelmagazine.com/author/jenn/page/14/
14      (4)   http://latravelmagazine.com/wp-content/uploads/2013/09/kenya.jpg
15      26.   Plaintiff is informed and believes that Defendants commenced use of
16 the Photograph after the Photograph had been registered with the United States
17 Copyright Office.
18      27.   At all relevant times, Defendants did not have a license or permission
19 to use, display, distribute, copy, and/or reproduce the Photograph.
20      28.   Plaintiff is informed and believes that Defendants copied/reproduced,
21 uploaded/downloaded, or caused to be uploaded/downloaded, publicly displayed,
22 and distributed the Photograph with actual and/or constructive knowledge, that they
23 did not have consent and/or a license to use the Photograph in the manner in which
24 it was used in willful violation of Plaintiff's copyrights.
25      29.   Plaintiff is informed and believes that Defendants' unlawful
26 copying/reproduction, uploading/downloading, or causing to be uploaded/
27 downloaded, public display, and distribution of the Photograph to a global audience
28

on the World Wide Web via the Websites, and potentially other locations, including social media websites, and constitutes direct copyright infringement.

30. Plaintiff is informed and believes that Defendant, JENNIFER MCLAUGHLIN authored the article and either engaged in or directed the upload of the Photograph, had the capacity and opportunity to control the images copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Websites as the registered owner of the website and editor-in-chief at LA TRAVEL MAGAZINE and continues to have such capacity as editor-in-chief of LA TRAVEL MAGAZINE.

31. Plaintiff is informed and believes that Defendant AMICIZIA had the capacity and opportunity to control the images copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Websites as the corporate owner of LA TRAVEL MAGAZINE during the time period in which the infringement occurred.

32. Plaintiff is informed and believes that during all relevant times Defendant JENNIFER MCLAUGHLIN is the dominant influence on the activities of Defendants; had the power to control their actions, engaged in the infringing activities herein, determined the policies which resulted in the infringement and otherwise acted, consented, directed or ratified the infringing activity. Plaintiff is informed and believes that JENNIFER MCLAUGHLIN attempted to obtain and/or did obtain profit from the infringing activities alleged herein and/or attempted to derive a profit and direct financial benefit.

33. Plaintiff is informed and believes that the Photograph was used by Defendants knowingly and recklessly in violation of Plaintiff's rights without obtaining a license or consent from Plaintiff and thereby violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 106 and 501.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

34. Plaintiff is informed and believes Defendants have the right and ability to control, supervise, monitor and direct the Websites wherein the infringing activity occurs including the Websites' pages/accounts on social media.

35. Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic work, willfully infringing, and causing irreparable damages to Plaintiff for which he has no adequate remedy of law.

36. Defendants' unlawful use of copies of Plaintiff's original photographic work has diminished the value of the original photographic work by distributing and encouraging redistribution of the photographic work without identifying the photographic work as being the exclusive property of Plaintiff.

37. Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic work, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

## IV.   FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT PURSUANT TO
## 17 U.S.C. §§ 106 and 501
## (Against All Defendants)

38. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

39. Plaintiff owns all rights, titles, and interests in and to the copyright for the Photograph, the use of which has not been licensed to Defendants.

40. Under Section 106 of the Copyright Act Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute, and publicly display the Photograph.

41. Within the last three years, Plaintiff discovered that Defendants, without Plaintiff's permission, consent or authority, (1) made or caused to be made

unauthorized copies of the Photograph, (2) distributed, sold or made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photograph, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photograph.

42. Plaintiff is informed and believes that Defendants misappropriated Plaintiff's copyrights in the Photograph with actual and/or constructive knowledge that the Photograph at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted Photograph.

43. Plaintiff is informed and believes that Defendants' acts of infringement were ongoing, willful, intentional, and purposeful, and/or with reckless disregard of and with indifference to Plaintiff's rights because Defendants knew or recklessly failed to know that they did not have the right to use the Photograph in the manner in which they used it.

44. Despite actually receiving notice of infringement, Defendants have continued to infringe and publicly display the Photograph.

45. Defendants' conduct alleged above constitutes willful direct infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photograph in violation of §§ 106 and 501 of the Copyright Act.

46. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages. Defendants' unlawful use of Plaintiff's Photograph has diminished the value of the original Photograph by, *inter alia*, displaying and distributing the Photograph without identifying it at being the exclusive property of Plaintiff. Defendants' unlawful acts have interfered with and undermined Plaintiff's ability to market Plaintiff's own original Photographs, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

47. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants his actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b). At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages of up to $150,000.00 per infringement against each Defendant for their infringements and/or the infringements for which they are liable jointly and severally, pursuant to 17 U.S.C. § 504(c), or such other amounts as may be proper. Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

48. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## V. SECOND CLAIM FOR RELIEF
## SECONDARY COPYRIGHT INFRINGEMENT
### (Vicarious Infringement)
### (Against AMICIZIA and JENNIFER MCLAUGHLIN)

49. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

50. Defendants' conduct also constitutes vicarious infringement. Plaintiff is informed and believes that Defendants owned, directed and managed the Websites and/or Defendants' activities and had the right and ability to control Defendants' infringing conduct and had reasonable and simple means of removing or disabling access to the infringing Photograph.

51. Plaintiff is informed and believes that Defendants obtained and/or attempted to derive a direct economic benefit from the infringing activities.

52. Defendants' agents and employees whom they manage, and control engaged in the infringing activities and to generate and/or attempt to generate a direct economic benefit to Defendants.

53. Defendants, by their unauthorized appropriation and use of Plaintiff's original Photograph, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original Photograph.

54. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

55. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants his actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b). At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages of up to $150,000.00 per infringement against each Defendant for their infringements and/or the infringements for which they are liable jointly and severally, pursuant to 17 U.S.C. § 504(c), or such other amounts as may be proper. Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

56. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages;
2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct;
3. For maximum statutory damages under Section 17 U.S.C. § 504(c) of the Copyright Act;
4. For prejudgment interest;
5. For attorneys' fees and costs;
6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:
    a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and
    b. the seizure of all property made in, or used to assist in the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photograph, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photograph; and

7. For such other and further relief as this Court deems just and appropriate.

Dated: September 20, 2019

GAFNI & LEVIN LLP

By: /s/ Adam I. Gafni
Adam I. Gafni
Attorney for Plaintiff
CHARLES ADAM JONES

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 20, 2019

GAFNI & LEVIN LLP

By: /s/ Adam I. Gafni
Adam I. Gafni
Attorneys for Plaintiff
CHARLES ADAM JONES

**EXHIBIT "A"**



**EXHIBIT "B"**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-793-506**

**Effective date of registration:**

August 23, 2011

---

## Title

| | |
|---|---|
| **Title of Work:** | Image State 1 |
| **Contents Titles:** | 10365 |
| | 21655 |
| | F0360 |
| | F4837 |
| | F5012 |

## Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2001 | | |
| **Date of 1st Publication:** | October 10, 2002 | **Nation of 1st Publication:** | United States |

## Author

| | | | |
|---|---|---|---|
| ■ **Author:** | Charles Jones | | |
| **Author Created:** | photograph(s) | | |
| **Work made for hire:** | No | | |
| **Citizen of:** | United States | **Domiciled in:** | United States |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Charles Jones |
| | 6814 Clore Lake Road, Crestwood, KY, 40014 |

## Rights and Permissions

| | |
|---|---|
| **Email:** | adam@adamjonesphoto.com |

## Certification

| | |
|---|---|
| **Name:** | Charles Jones |
| **Date:** | August 23, 2011 |
| **Applicant's Tracking Number:** | 20110817103829 |

Page 1 of 1