REID E. DAMMANN  (SBN:  249031)
rdammann@grsm.com
JULIANA C. FERRAZ (SBN: 293851)
jferraz@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone:  (213) 576-5065
Facsimile:  (213) 680-4470

Attorneys for Defendants
AMICIZIA EVENTS, INC. AND JENNIFER MCLAUGHLIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CHARLES ADAM JONES,<br><br>                         Plaintiff,<br><br>        v.<br><br>AMICIZIA EVENTS, INC. a California Corporation; JENNIFER MCLAUGHLIN, an individual; and DOES 1-10, inclusive<br><br>                         Defendants. | CASE NO.  2:19-cv-08181-DMG-ASx<br><br>Presiding Judge: Hon. Dolly M. Gee<br>Magistrate Judge: Hon. Alka Sagar<br><br>**DEFENDANTS AMICIZIA EVENTS, INC., AND JENNIFER MCLAUGHLIN'S ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Amicizia Events, Inc., and Jennifer McLaughlin ("Defendants") hereby answer the allegations set forth in the Complaint filed by Plaintiff Charles Adam Jones ("Plaintiff") in the above-referenced action as set forth below.

## <u>GENERAL DENIAL</u>

Defendants deny each and every allegation contained in the Complaint that is not expressly admitted below.  Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may or may not follow from the admitted facts.  Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

# I.     THE PARTIES

1.      Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis deny these allegations.

2.      Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis deny these allegations.

3.      Defendants admit the allegations contained within paragraph 3 of the Complaint.

4.      Defendants deny that Jennifer McLaughlin resides in Irvine, California and admit the remaining allegations contained within paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained within paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained within paragraph 6 of the Complaint.

7.      Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis deny these allegations.

8.      Defendants deny the allegations contained within in paragraph 8 of the Complaint.

# II.     JURISDICTION AND VENUE

9.      Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis deny these allegations.

10.      Defendants deny the allegations contained within in paragraph 10 of the Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

11.     Defendants acknowledge that Plaintiff alleges that this Court purports to have subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

12.     Defendants acknowledge that Plaintiff alleges that venue purports to be proper in this district under 28 U.S.0 § 1391(b) and (c) and 28 U.S.C. § 1400(a).

13.     Defendants acknowledge that Plaintiff alleges that personal jurisdiction purports to be proper over the Defendants.

14.     Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis deny these allegations.

## III.    FACTUAL ALLEGATIONS

15.     Defendants incorporate by reference the contents of the above paragraphs as if fully set forth herein.

16.     Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis deny these allegations.

17.     Defendants admit the allegations contained within paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis deny these allegations.

20.     Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis deny these allegations.

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1    21.    Defendants deny having any knowledge or information sufficient to

2    form a belief as to the truth of the allegations contained in paragraph 21 of the

3    Complaint, and on that basis deny these allegations.

4    22.    Defendants deny having any knowledge or information sufficient to

5    form a belief as to the truth of the allegations contained in paragraph 22 of the

6    Complaint, and on that basis deny these allegations.

7    23.    Defendants deny having any knowledge or information sufficient to

8    form a belief as to the truth of the allegations contained in paragraph 23 of the

9    Complaint, and on that basis deny these allegations.

10    24.    Defendants deny the allegations contained within paragraph 24 of the

11    Complaint.

12    25.    Defendants deny the allegations contained within paragraph 25 of the

13    Complaint.

14    26.    Defendants deny the allegations contained within paragraph 26 of the

15    Complaint.

16    27.    Defendants deny the allegations contained within paragraph 27 of the

17    Complaint.

18    28.    Defendants deny the allegations contained within paragraph 28 of the

19    Complaint.

20    29.    Defendants deny the allegations contained within paragraph 29 of the

21    Complaint.

22    30.    Defendants deny the allegations contained within paragraph 30 of the

23    Complaint.

24    31.    Defendants deny the allegations contained within paragraph 31 of the

25    Complaint.

26    32.    Defendants deny the allegations contained within paragraph 32 of the

27    Complaint.

28

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

1   33.   Defendants deny the allegations contained within paragraph 33 of the

2   Complaint.

3   34.   Defendants deny the allegations contained within paragraph 34 of the

4   Complaint.

5   35.   Defendants deny the allegations contained within paragraph 35 of the

6   Complaint.

7   36.   Defendants deny the allegations contained within paragraph 36 of the

8   Complaint.

9   37.   Defendants deny the allegations contained within paragraph 37 of the

10   Complaint.

## IV.   FIRST CLAIM FOR RELIEF

## DIRECT COPYRIGHT INFRINGEMENT PURSUANT TO

## 17 U.S.C. 4§ 106 and 501 (Against All Defendants)

14   38.   Defendants incorporate by reference the contents of the above

15   paragraphs as if fully set forth herein.

16   39.   Defendants deny the allegations contained within paragraph 39 of the

17   Complaint.

18   40.   Defendants deny the allegations contained within paragraph 40 of the

19   Complaint.

20   41.   Defendants deny the allegations contained within paragraph 41 of the

21   Complaint.

22   42.   Defendants deny the allegations contained within paragraph 42 of the

23   Complaint.

24   43.   Defendants deny the allegations contained within paragraph 43 of the

25   Complaint.

26   44.   Defendants deny the allegations contained within paragraph 44 of the

27   Complaint.

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS

45.     Defendants deny the allegations contained within paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained within paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained within paragraph 47 of the Complaint. Further, Defendants deny that Plaintiff is entitled to the relief sought or any other relief.

48.     Defendants deny that Plaintiff is entitled to the relief sought or any other relief.

## V.     SECOND CLAIM FOR RELIEF
### SECONDARY COPYRIGHT INFRINGEMENT
### (Vicarious Infringement)
### (Against AMICIZIA and JENNIFER MCLAUGHLIN)

49.     Defendants incorporate by reference the contents of the above paragraphs as if fully set forth herein.

50.     Defendants deny the allegations contained within paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained within paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained within paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained within paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained within paragraph 54 of the Complaint.

///

///

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

55.     Defendants deny the allegations contained within paragraph 55 of the Complaint. Further, Defendants deny that Plaintiff is entitled to the relief sought or any other relief.

56.     Defendants deny that Plaintiff is entitled to the relief sought or any other relief.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

57.     Defendants deny that Plaintiff is entitled to the relief sought or any other relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, the Complaint fails to state a claim upon which relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

AS A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each purported claim for relief stated therein, Defendants allege that the Plaintiff has "unclean hands" with respect to the matters alleged in the Complaint and, therefore, is barred from maintaining said Complaint. Plaintiff's use of its copyright violates public policy, and further, Plaintiff encourages, invites, aids, compounds, and/or fraudulently induces Defendants' allegedly wrongful conduct by widely disseminating its allegedly copyrighted Photograph, a Photograph completely devoid of any information that would suggest its protection and/or ownership by Plaintiff, and ultimately facilitating its widespread use over the Internet in an effort to extract exorbitant sums from individuals for alleged copyright infringement.

///

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

### THIRD AFFIRMATIVE DEFENSE

### (Bad Faith)

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each purported claim for relief stated therein, Defendants are informed and believe and thereon allege that Plaintiff is engaged in improper, retaliatory, and bad faith conduct against Defendants and thus Plaintiff's recovery, if any, herein is barred or reduced proportionately to reflect such conduct.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

AS A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each purported claim for relief stated therein, Plaintiff is estopped by action of law or by conduct from maintaining the Complaint and each claim for relief stated therein.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

AS A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each purported claim for relief stated therein, Plaintiff has waived its right to maintain the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

### (Laches)

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that the Complaint is barred by the Doctrine of Laches.

///

///

///

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that each claim for relief set forth in the Complaint is barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Others Caused Plaintiff's Injuries, If Any)

AS A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants are informed and believe and thereon allege that persons and/or entities other than Defendants were primarily and actively careless, negligent, responsible, and liable for the matters alleged and/or referred to in the Complaint, and said actions, inactions, acts, and the omissions of said persons and/or entities proximately caused the damages complained of by Plaintiff, if there were any.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that at all times relevant, Defendants acted reasonably and all of their actions were taken in good faith.

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants assert their right to equitable indemnification against other third party(s) who are legally responsible for any valid claims asserted by Plaintiff, if any there are.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## ELEVENTH AFFIRMATIVE DEFENSE

### (Abandonment)

AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that Plaintiff has abandoned any and all rights it may have or had to the trademark and/or copyright or any intellectual property that is the subject of this litigation.

## TWELFTH AFFIRMATIVE DEFENSE

### (Implied License)

AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that they have an implied license to use the trademark and/or copyright or any other intellectual property that is the subject of this litigation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Innocent Infringer)

AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege they were unaware of any infringement upon Plaintiff's alleged propriety rights and had no reason to believe that they were infringing.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Fair Use, Nominative Fair Use, and Descriptive Use)

AS A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that Plaintiff's claims are barred by the doctrines of fair use, nominative use, and/or descriptive use.

///

///

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Timely Register)

AS AN FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that Plaintiff failed to timely register its copyright such that it is precluded from seeking statutory damages and/or attorneys' fees.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unoriginal Artwork)

AS A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that the picture allegedly created by Plaintiff is not original.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Actual or Implied Permission to Use)

AS A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that they had Plaintiff's actual or implied permission to use the picture or other intellectual property that is the subject of this litigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Author, Originator, or Creator)

AS AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants are informed and believe and on that basis allege that Plaintiff is not the author, originator, creator or owner of the picture that is the subject of this litigation.

///
///
///

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Causation)

AS A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE t to the Complaint and to each purported claim for relief stated therein, Defendants allege that Plaintiff's injuries and damages, if any, were neither actually nor proximately caused by Defendants

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Ascertainable Damages)

AS A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that Plaintiff has not suffered any ascertainable damages

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lacks Standing)

AS A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that Plaintiff lacks standing to bring this Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Consent and Acquiescence)

AS A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants are informed and believe and on that basis allege that Plaintiff's claims are barred by the doctrine of consent and acquiescence in that Plaintiff acquiesced to the alleged infringement based in part upon Plaintiff's conduct of waiting before filing its claim.

///

///

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Non-Infringement)

AS A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that it has not infringed any valid and enforceable copyrights under federal or state law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

AS A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants are informed and believe and on that basis allege that Plaintiff's claims are barred because Plaintiff has failed to join indispensable parties, including others claiming ownership of the alleged copyrights asserted by Plaintiff in this action, which parties are necessary for a full and complete adjudication of its claims as required by, among other legal authority, Rule 19 of the Federal Rules of Civil Procedure.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Fraud on the Copyright Office)

AS A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants are informed and believe and on that basis alleges that the Complaint, and each and every purported claim for relief thereon, is barred (in whole or in part) by Plaintiff's fraud or deception in the copyright registration process for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

///

///

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

1

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

2

### **(Misuse of Copyright)**

3   AS A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE

4 DEFENSE to the Complaint and to each purported claim for relief stated therein,

5 Defendants are informed and believe and on that basis allege that Plaintiff's claims

6 are barred because of its anti-competitive intent and conduct, its misuse of its

7 purported copyrights and its abuse of the judicial process for which a reasonable

8 opportunity for investigation or discovery is likely to provide evidentiary support.

9

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

10

### **(Plaintiff's Damages Are Limited by Apportionment)**

11   AS A TWENTY-SEVENTH, SEPARATE AND DISTINCT

12 AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for

13 relief stated therein, Defendants allege that any purported damages sought by the

14 Plaintiff in the form of Defendants' profits are limited by the apportionment theory

15 based on the percentage of profits attributable to the alleged infringing works, not

16 the entirety of Defendants' profit from the alleged infringing products.

17

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

18

### **(Elements of Copyrights Not Protectable)**

19   AS A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE

20 DEFENSE to the Complaint, and to each purported claim for relief stated therein,

21 Defendants allege that even assuming, *arguendo,* that the products sold by

22 Defendants contain any elements from Plaintiff's purported copyrights, those

23 elements are not protectable under copyright law, do not constitute original

24 expression, and/or the use of those elements is *de minimis.*

25 ///

26 ///

27 ///

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Invalid or Unenforceable Copyright Registrations)

AS A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that Plaintiff's purported copyright registration is invalid, void, or enforceable.  Among other things, a reasonable opportunity for further investigation and discovery is likely to provide evidentiary support for one or more of the following:

(a)   the registrations for the purported copyrights contain material that is not original and/or is not protectable as a matter of law;

(b)   the registrations for the purported copyrights contain materials originally developed by persons or entities other than Plaintiff; and/or

(c)   the registrations for the purported copyrights contain materials in the public domain.

## THIRTY AFFIRMATIVE DEFENSE

### (Unauthorized Derivative Works)

AS A THIRTY, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, and to each purported claim for relief stated therein, Defendants allege that the picture which forms the basis of Plaintiff's claims is unauthorized derivative work in which Plaintiff can own no valid copyright.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Ownership)

AS A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that the Plaintiff's claims are barred because the copyright (if any) for the picture which forms the basis of Plaintiff's claims is not owned by Plaintiff.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Lack of Subject Matter Jurisdiction/Failure to Register)**

AS A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that the Plaintiff's claims are bared for lack of subject matter jurisdiction because Plaintiff lacks valid copyright registrations for the intellectual property rights asserted, or has not property or timely registered the same.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

AS A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that the Plaintiff, to the extent any damage were suffered, which Defendants expressly deny, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Wrongdoing by Plaintiff and/or its Agents)**

AS A THIRTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that the damages complained of in the complaint, if any, were caused by the acts, omissions, and wrongdoings of Plaintiff and/or his employees, agents or predecessors and not any acts, omissions, or wrongdoing by Defendants. Plaintiff is therefore solely responsible for any damages caused thereby.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(No punitive or exemplary damages)**

AS A THIRTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege that no punitive or exemplary damages should be awarded

arising out of the claims made in the complaint under the laws of the United States and California because an award of punitive or exemplary damages would be unconstitutional under the United States and California constitutions and precluded or limited under the various laws of the State of California and the United States.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

AS A THIRTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants reserve the right to raise additional affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, as they may become known, or as they evolve during the litigation up to and including the date trial commences, and to amend this Answer accordingly.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with all laws)

AS A THIRTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and to each purported claim for relief stated therein, Defendants allege Plaintiff's claims against Defendants are barred because Defendants have complied, or substantially complied, with all applicable laws.

## COUNTERCLAIMS

## THE PARTIES

1.     Defendant and Counterclaimant Amicizia Events, Inc. ("AMICIZIA") is a California-based marketing consulting firm and event planner. Jennifer McLaughlin is the owner of AMICIZIA.

2.     Upon information and belief, Plaintiff and Counterclaim Defendant Charles Adam Jones ("JONES") is a commercial and editorial photographer.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

## **JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over the above counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202 as the counterclaims are so related to the claims in the original action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

4.      Defendants bring counterclaims for a declaratory judgment pursuant to 28 U.S.C. § 2201 to declare that they do not violate Plaintiff's rights under federal and California law. This is a declaratory judgment action under (i) the United Sates Copyright Act of 1976, 17 U.S.C. § 101 et. seq. (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist.

5.      This Court has personal jurisdiction over Plaintiff and Counterclaim Defendant.

6.      Venue in this District is proper over this counterclaim pursuant to 28 U.S.C. § 1391.

## **BACKGROUND**

6.      AMICIZIA is a California-based marketing consulting firm and event planner and it is located at 18100 Von Karman Ave., Ste 850, Irvine, California.

7.      AMICIZIA business consists of providing quality, customized event planning, marketing and public relation services throughout Southern California.

8.      On September 26, 2019, JONES filed this lawsuit against Defendants seeking damages, injunctive and other relief for Direct Copyright Infringement, 15 U.S.C. §§106 and 501 and Secondary Copyright Infringement (Vicarious

///

**-18-**

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Infringement). Defendants and Counterclaim Plaintiffs deny they have infringed JONES' alleged Copyright, as set forth in his Complaint.

## FIRST COUNTERCLAIM

### (Declaratory Relief - Non-Infringement)

9.      Counterclaimants repeat and realleage all foregoing allegations made in their affirmative defenses and counterclaims as if fully set forth herein.

10.      JONES has alleged that the photographic work at issue (the "Photograph") is an original work entitled to copyright protection pursuant to the copyright laws of the United States and is duly registered with the United States Copyright Office. Further, that JONES alleges he is the sole owner of the copyright work, titled "F0360" and also known as "Female African Elephant with baby at sunrise."

11.      JONES has accused Defendants of infringing his Copyright and has created a substantial, immediate, and real controversy between the parties as to the infringement and non-infringement of the Photograph "F0360."

12.      Counterclaimants do not infringe and have not infringed JONES' alleged Copyright.

## SECOND COUNTERCLAIM

### (Declaratory Relief – Invalidity of Copyright Registration)

13.      Counterclaimants repeat and reallege all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

14.      Defendants are entitled to declaratory judgment and request an order declaring that the alleged copyright asserted by the Plaintiff is invalid and unenforceable for the reasons provided herein.

///

///

-19-

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

15.     Upon information and belief, the registered copyright for the Photograph was fraudulently obtained by Plaintiff from the United States Register of Copyright.

16.     Upon information and belief, at the time the application for the Registered Copyright were executed and filed in the U.S. Copyright Office, Plaintiff and Counter Defendant was aware the Photograph was authored by a third party, was in the public domain, and/or included preexisting material.

17.     Upon information and belief, Plaintiff and Counterclaim Defendant deliberately omitted material and/or provided a misstatement of fact, from/in the application and had the intent to deceive the Copyright Office for the purpose of obtaining registrations to which JONES was not entitled.

18.     The omitted information would have been material to the outcome of the copyright registration process and, on information and belief, would have caused the copyright not to be registered or caused the scope to be so limited as not to be infringed by Defendants/Counterclaim Plaintiffs. The Copyright Office relied on Plaintiff and Counterclaim Defendant's material omissions in granting the Registration. But for the willful material omissions in the Applications, Plaintiff and Counterclaim Defendant would not have been granted the Registration.

WHEREFORE, these Defendants/Counterclaimants pray for the following relief:

1.     Dismissal of all of Plaintiff's claims with prejudice;

2.     That Plaintiff takes nothing by way of its Complaint;

3.     That this Court declare that Plaintiff's Copyright is unenforceable and invalid due to its actions complained herein;

4.     Entry of a declaratory judgment that Defendants' use does not violate any of Plaintiff's rights pursuant to 17 U.S.C. § 106 and 501, as well as there is no Vicarious Infringement.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

5.     For trial by jury on all matters herein so triable; and

6.     For such other and further relief as this Court deems just and proper.


Dated:  November 22, 2019                    GORDON REES SCULLY
                                             MANSUKHANI, LLP


                                        By:   */s/ Reid E. Dammann*
                                             Reid E. Dammann
                                             Juliana C. Ferraz
                                             Attorneys for Defendants
                                             AMICIZIA EVENTS, INC.
                                             and JENNIFER MCLAUGHLIN

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## DEMAND FOR JURY TRIAL

In accordance with Federal Rules of Civil Procedure Rule 38(b), THESE Answering Defendants hereby demand a trial by jury in this action pursuant to F.R.C.P. 38 on all issues so triable.

Dated:  November 22, 2019                     GORDON REES SCULLY
                                              MANSUKHANI, LLP


                                              By:   */s/ Reid E. Dammann*
                                                    Reid E. Dammann
                                                    Juliana C. Ferraz
                                                    Attorneys for Defendants
                                                    AMICIZIA EVENTS, INC.
                                                    and JENNIFER MCLAUGHLIN

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071